**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) | Subchapter V |
| COLLABORATION SOFTWARE | ) |  |
| PARTNERS, LLC,[1] | ) | Case No. 25-21412 (JRS) |
|  | ) |  |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

**NOTICE OF FILING NOTICE OF POSSIBLE ASSUMPTION AND**
**ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND**
**UNEXPIRED LEASES IN CONNECTION WITH THE SALE**

　　　**PLEASE TAKE NOTICE** that on December 8, 2025, the *Notice of Possible Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale*, substantially in the form as **Exhibit A** attached hereto, was served on the following party:

　　National Payment Corporation
　　3415 Cypress Street
　　Tampa, FL 33607

---

[1] The last four digits of Collaboration Software Partners, LLC's federal tax identification number are (6238).

Dated: December 10, 2025

**ALSTON & BIRD LLP**

_/s/ Leah Fiorenza McNeill_
Leah Fiorenza McNeill
Georgia Bar No. 940554
One Atlantic Center
1201 West Peachtree Street NW
Atlanta, GA 30309
Phone:  404-881-7000
Email:  leah.mcneill@alston.com

_Counsel for Collaboration Software
Partners, LLC_

## EXHIBIT A

*Notice of Possible Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Subchapter V |
| COLLABORATION SOFTWARE | ) | |
| PARTNERS, LLC,[1] | ) | Case No. 25-21412 (JRS) |
| | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

**NOTICE OF ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY**
**CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH THE SALE**

On October 15, 2025, Collaboration Software Partners, LLC, the above captioned debtor and debtor-in-possession (the "Debtor") filed with the United States Bankruptcy Court for the Northern District of Georgia (the "Bankruptcy Court") *Debtor's Motion for entry of an Order (I) Approving Bidding Procedures and Bid Protections, (II) Scheduling Certain Dates and Deadlines with Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Designating Stalking Horse Bidder, (V) Establishing Notice and Procedures for the Assumption and Assignment of Contracts, (VI) Authorizing the Assumption and Assignment of Assumed Contracts, and (VII) Authorizing the Sale of Assets* (the "Motion") [Docket No. 33] requesting entry of an order (the "Bidding Procedures Order") (i) authorizing and approving bidding procedures (the "Bidding Procedures")[2] in connection with the sale or disposition (the "Sale") of substantially all of the Debtor's assets (the "Assets"), or any portion of the Assets, (ii) authorizing and approving the Stalking Horse Bidder, (the "Stalking Horse Bidder" and the bid thereunder, the "Stalking Horse Bid") and the bid protections provided to the Stalking Horse Bidder, including the payment of a break-up fee and the reimbursement of expenses, (iii) scheduling the auction (the "Auction") for and a hearing to approve the Sale (the "Sale Hearing"), (iv) authorizing and approving the form and manner of notice of the respective date, time, and place for the Auction and a hearing to approve the Sale, (v) approving procedures for the assumption and assignment of certain executory contracts and unexpired leases, (vi) approving the form and manner of notice of the assumption and assignment of certain executory contracts and unexpired leases, and (vii) granting related relief.

---

[1] The last four digits of Collaboration Software Partners, LLC's federal tax identification number are (6238).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Bidding Procedures Order (including the Bidding Procedures).

On October 22, 2025, the Bankruptcy Court entered the Bidding Procedures Order [Docket No. 66].

The Sale Hearing was held on November 19, 2025, and the Court entered the *Order Authorizing and Approving (I) Purchase Agreement Among Debtor and Collaboration Software Partners Acquisition, LLC, (II) the Sale of the Debtor's Assets Free and Clear of Liens, Claims, Rights, Encumbrances, and Other Interests, (III) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [Docket No. 113] (the "Sale Order") on November 20, 2025, approving the Sale to the Stalking Horse Bidder free and clear of all liens, claims, and encumbrances pursuant to sections 363 and 365 of the Bankruptcy Code and authorized the assumption and assignment of certain executory contracts.

To facilitate the Sale, the Court authorized the Debtor to assume and assign contracts to the Successful Bidder, in accordance with the Assignment Procedures provided for in the Bidding Procedures Order (collectively, the "Assigned Contracts"). Among the Assigned Contracts is that potential Assigned Contract identified on Exhibit 1 attached hereto. **THE INCLUSION OF SUCH ASSIGNED CONTRACT ON EXHIBIT 1 DOES NOT CONSTITUTE AN ADMISSION THAT SUCH ASSIGNED CONTRACT IS AN EXECUTORY CONTRACT OR UNEXPIRED LEASE OF PROPERTY AND ALL RIGHTS OF THE DEBTOR WITH RESPECT THERETO ARE RESERVED.** The cure amount (each, a "Cure Cost"), if any, that the Debtor believes is required to be paid to the applicable counterparty of such contract under section 365(b)(1)(A) and (B) of the Bankruptcy Code is also identified on Exhibit 1 attached hereto.

If a Counterparty objects to the Cure Cost for its Assigned Contract and/or to the proposed assumption, assignment and/or transfer of such Assigned Contract (including the transfer of any related rights or benefits thereunder and to the identity and adequate assurance of future performance provided by the Stalking Horse Bidder), the Counterparty must file with the Bankruptcy Court and serve on the Notice Parties (as defined below) a written objection (a "Cure Cost/Assignment Objection"). Any Cure Cost/Assignment Objection must: (i) be in writing; (ii) signed by counsel or attested to by the objecting party; (iii) be in conformity with the applicable provisions of the Bankruptcy Rules and the Local Rules; (iv) state with particularity the legal and factual basis for the objection and the specific grounds therefor, including the amount of Cure Cost in dispute; and (v) be filed with the Bankruptcy Court and properly served on the Notice Parties so as to be received **no later than fourteen (14) days after service of this Notice** (the "Objection Deadline"). The "Notice Parties" are as follows: (i) the Debtor, Collaboration Software Partners, LLC, 3820 Three Chimneys Lane, Cumming, GA, 30041 (Attn: Michael C. Latini); (ii) counsel to the Debtor, Alston & Bird, 1201 West Peachtree Street, Suite 4900, Atlanta, GA 30309 (Attn: Leah Fiorenza McNeill and William Hao); (iii) the Office of the United States Trustee for Region 21, 75 Ted Turner Drive, S.W., Room 362, Atlanta, GA 30303 (Attn: David Weidenbaum); (iv) the Successful Bidder, Collaboration Software Partners Acquisition, LLC 1475 S. Price Rd. Chandler, AZ 85286 (Attn: Alex J. Campos); (v) counsel to the Successful Bidder, Choate, Hall & Stewart

1

LLP, Two International Place, Boston, MA 02110 (Attn: Douglas R. Gooding and Lucas B. Barrett); (vi) the Subchapter V Trustee, 5500 Interstate Parkway North, Suite 435, Sandy Springs, GA 30328 (Attn: Todd Hennings); and (vii) the Investment Banker to the Debtor, The Silver Birch Group, Inc., 1463A Grandview Road, Arnold, MD 21012 (Attn: J.R. Manning, Sr).

The Debtor and its estate reserves any and all rights with respect to any Assigned Contract that is not ultimately assigned to the Successful Bidder.

**ANY COUNTERPARTY TO AN ASSIGNED CONTRACT WHO FAILS TO TIMELY FILE AND PROPERLY SERVE A CURE COST/ASSIGNMENT OBJECTION AS PROVIDED HEREIN WILL (I) BE FOREVER BARRED FROM OBJECTING TO THE CURE COSTS AND FROM ASSERTING ANY ADDITIONAL CURE OR OTHER AMOUNTS WITH RESPECT TO SUCH ASSIGNED CONTRACT IN THE EVENT IT IS ASSUMED AND/OR ASSIGNED BY THE DEBTOR AND THE DEBTOR SHALL BE ENTITLED TO RELY SOLELY UPON THE CURE COSTS, AND (II) BE DEEMED TO HAVE CONSENTED TO THE ASSUMPTION, ASSIGNMENT AND/OR TRANSFER OF SUCH ASSIGNED CONTRACT (INCLUDING THE TRANSFER OF ANY RELATED RIGHTS AND BENEFITS THEREUNDER) TO THE RELEVANT SUCCESSFUL BIDDER AND SHALL BE FOREVER BARRED AND ESTOPPED FROM ASSERTING OR CLAIMING AGAINST THE DEBTOR OR THE SUCCESSFUL BIDDER THAT ANY ADDITIONAL AMOUNTS ARE DUE OR DEFAULTS EXIST, OR CONDITIONS TO ASSUMPTION, ASSIGNMENT, AND/OR TRANSFER MUST BE SATISFIED UNDER SUCH ASSIGNED CONTRACT, OR THAT ANY RELATED RIGHT OR BENEFIT UNDER SUCH ASSIGNED CONTRACT CANNOT OR WILL NOT BE AVAILABLE TO THE RELEVANT SUCCESSFUL BIDDER.**

If a Counterparty files a Cure Cost/Assignment Objection satisfying the requirements of these Assignment Procedures, the Debtor and the Counterparty shall meet and confer in good faith to attempt to resolve any such objection without Bankruptcy Court intervention (the "Resolution Procedures"). If the applicable parties determine that the objection cannot be resolved without judicial intervention in a timely manner, the Bankruptcy Court shall make all necessary determinations relating to such Cure Cost/Assignment Objection at a hearing scheduled pursuant to the following Paragraph.

Consideration of unresolved Cure Cost/Assignment Objections relating to all Assigned Contracts, if any, will be held at the Court's discretion.

A timely filed and properly served Cure Cost/Assignment Objection will reserve the filing Counterparty's rights relating to the Assigned Contract but will not be deemed to constitute an objection to the relief generally requested in the Motion with respect to the approval of the Sale.

Within ten (10) days following the assumption and assignment of any Assigned Contract to the relevant Successful Bidder, the Debtor shall file with the Bankruptcy Court and shall serve

2

each Counterparty whose Assigned Contract the Debtor assumed and/or assigned with a notice of assumption and assignment of such Contract (the "Confirmation Notice"). Any Assigned Contract where no Confirmation Notice was served shall be deemed neither assumed nor assigned and shall in all respects be subject to subsequent assumption or rejection by the Debtor.

*[Remainder of Page Intentionally Left Blank]*

## **EXHIBIT 1**

Potential Assumed/Assigned Contract

4

## ASSUMED/ASSIGNED CONTRACT

| Creditor/ Counterparty | Description of Contract | Proposed Cure Amount |
|---|---|---|
| National Payment Corporation | Service Contract for Services Provided to Debtor | $0.00 |

5